# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CATHERINE BETH BRYANT,<br><br>Plaintiff,<br><br>v.<br><br>PHILLIPS AND BURNS LLC,<br><br>Defendant. | CIVIL ACTION NO.<br><br>**COMPLAINT**<br>**UNLAWFUL DEBT COLLECTION**<br>**PRACTICES** |

## I. INTRODUCTION

1.      This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA") and other state law claims of invasion of privacy. The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II. JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and, 1337.

3.      Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## III. PARTIES

4.      Plaintiff Catherine B. Bryant is a natural person who resides in Irvington, AL 36544.

5.      Defendant Phillips & Burns, LLC is a business entity regularly engaged in the business of collecting debts in Alabama and elsewhere with its principal place of business located at 461 Ellicott Street, 3rd Floor, Buffalo, NY 14203.

6. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## IV. <u>FACTUAL ALLEGATIONS</u>

7. Plaintiff's son Weston Bryant allegedly owed a consumer debt to Juniper Bank.

8. At all pertinent times hereto, Defendant was hired by Juniper Bank and perhaps others to collect a debt relating to consumer credit card purchases that were allegedly originally owed to Juniper Bank (hereafter the "debt").

9. The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

10. On or about August 20, 2007, Defendant attempted to contact Weston Bryant and Plaintiff in an attempt to coerce payment of the debt by calling the Plaintiff Catherine Bryant, mother of Weston Bryant.

11. During the conversation with Plaintiff, the defendant disclosed the debt. Additionally, Defendant threatened to sue Plaintiff and accused her of lying in violation of 15 USC §1692e(5) and f.

12. To date, Defendant has not sued any of the Bryants for this debt.

13. The Defendant acted in a false, deceptive, misleading and unfair manner when it, without permission from Weston Bryant, communicated with persons other than the debtor that Weston Bryant owes a debt.

14. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay her son's debt.

15. Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA,

but neglected to do so and failed to adequately review its actions to insure compliance with said laws.

16. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

17. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

18. As a result of Defendant's conduct, Plaintiff has sustained actual damages including, but not limited to, injury to Plaintiff, invasion of privacy, out-of-pocket expenses, damage to Plaintiff's credit, physical, emotional and mental pain and anguish and pecuniary loss, and Plaintiff will continue to suffer same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

## V. FIRST CLAIM FOR RELIEF-VIOLATION OF THE FDCPA

19. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

20. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

21. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

22. Defendant by the aforementioned communication with Plaintiff, Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§, 1692b(2), 1692c(b), 1692d, 1692e, 1692e(5), 1692e(10), and 1692f, as evidenced by the following conduct:

   a) Communicating with persons other than the Plaintiff that Plaintiff owes a debt;

   b) Communicating, in connection with the collection of a debt with persons other than the Plaintiff;

   c) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any

       person in connection with the collection of a debt;

    d)  Threatening to take action that cannot be legally taken and/or is not intended to be taken; and

    e)  Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt from the Plaintiff.

23.   Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff Bryant to pay the debt of her son, Weston Bryant.

24.   As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

    a)  That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    b)  That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c)  That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

    d)  That the Court grant such other and further relief as may be just and proper.

## VI. JURY TRIAL DEMAND

25.   Plaintiff demands trial by jury on all issues so triable.

Dated this 5th_ day of November, 2007.     Respectfully submitted,


        BY: /s/ Earl P. Underwood, Jr.
            Earl P. Underwood, Jr.
            21 South Section Street
            Post Office Box 969
            Fairhope, AL 36533-0969
            251-990-5558 (telephone)
            251-990-0626 (facsimile)
            epunderwood@alalaw.com

            Thomas J. Lyons, Esq.
            **LYONS LAW FIRM P.A.**
            Minnesota Attorney I.D. #65699
            367 Commerce Court
            Vadnais Heights, MN  55127
            Telephone:  (651) 770-9707
            Facsimile:  (651) 770-5830
            tlyons@lyonslawfirm.com
            Applying for PHV

            Thomas J. Lyons, Jr., Esq.
            **CONSUMER JUSTICE CENTER, P.A.**
            Minnesota Attorney I.D. #0249646
            367 Commerce Court
            Vadnais Heights, MN 55127
            Telephone:  (651) 770-9707
            Facsimile:  (651) 704-0907
            tommycjc@aol.com
            Applying for PHV

            Attorneys for Plaintiff